194 So. 709

### CAMPBELL v. WEDGEWORTH.

2 Div. 672.

Court of Appeals of Alabama.
March 12, 1940.

Jas. A. Mitchell, of Livingston, for appellant.

Geo. O. Miller and Geo. O. Miller, Jr., both of Livingston, for appellee.

RICE, Judge.

This litigation revolves around one "red cow with white face about four years old" —whether the "white face" or the "red cow" was "four years old" appearing to be a distinction without a difference. And the value of said cow was shown to be "around $30.00."

Appellee admitted the possession of said cow; claiming that he had bought her of one Major Lord, a negro tenant of appellant's, who, as appellant's agent, had full authority to sell her to him.

It was undisputed that the cow had originally belonged to appellant; and he denied that he had authorized Major Lord to sell her.

This seems to be neither the time nor the place to enter upon a disquisition upon the law of "agency" as it relates to the evidence in this case. There seems to be no disagreement between the parties as to what this law is.

The sole litigated question was as to whether or not the evidence supported the verdict returned by the jury—appellant's able counsel expressing his entire acquiescence, in the learned trial court's instructions as to the law.

We see no advantage to be gained by our narrating the testimony. It is sufficient to say that we have carefully read same; and that it is our opinion that it amply supported the verdict returned.

In his vigorous argument submitted here in the form of a brief appellant's counsel might just as well have been addressing the jury which tried the case—the said argument being exactly that that one would have expected from said alert counsel to be addressed to the jury. But we are not persuaded of our duty to overturn the action of the court below.

It is not contended but that there was evidence tending to support the jury's verdict.

And, as much as can be said, even by appellant's counsel, against its action, is—in his own language—"In conclusion we submit that under all this evidence the appellant has suffered a great injustice and his only recourse is to get a new trial."

That, the court submits, is the way practically every litigant against whom a jury's verdict goes, feels. But under the rules by which we are bound there is no help we can render.

The judgment is affirmed.

Affirmed.